## Nelson Rue *v.* H. L. Bonta.

**Principal and Surety.**

> Where a note is given as evidence of a debt of A, upon which B was liable as surety, it follows as a matter of law that when C became bound for it by signing the note to the bank he became, as between himself and the original surety, the mere surety of the latter.

APPEAL FROM MERCER COURT OF COMMON PLEAS.

October 31, 1877.

Opinion by Judge Cofer :

The appellant sought a recovery on the implied promise arising on the payment by him of a debt which he alleged was due from himself and the appellee as joint obligors. He did not allege a special agreement that they were to assume the debt of W. M. Rue and to become jointly liable, as between themselves, for the payment of the note executed by them to the commercial bank.

That the debt for which that note was given was originally the debt of W. M. Rue, for which the appellant was liable as surety or indorser, is an undisputed fact; and it follows as matter of law that when the appellee became bound for it by signing the note to the bank, he became, as between himself and the appellant, the mere surety of the latter, unless there was some special agreement between them which had the legal effect to change their relation to the debt and to each other.

If there was such an agreement it was the foundation of the appellant's claim to contribution, and should have been pleaded. But as the pleadings stood, the claim of the appellant was answered by his own testimony as to the origin of the debt, and the instructions were therefore more favorable to him than the law warranted.

The only purpose for which the appellant's testimony, in respect to the verbal agreement, was admissible, if it were admissible at all,

was to prove that the note was a joint note, and for that purpose the jury were allowed to consider it. To have allowed the appellant to recover on the alleged special agreement would have been to allow him to prove a cause of action entirely different from that alleged.

Judgment *affirmed*.

*Kyle & Poston, John F. Spillman, for appellant.*

*Thompson & Thompson, for appellee.*